Allied World Ins. Co. v National Union Fire Ins. Co. of Pittsburgh, PA (2023 NY Slip Op 05783)

Allied World Ins. Co. v National Union Fire Ins. Co. of Pittsburgh, PA

2023 NY Slip Op 05783

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 650461/19 Appeal No. 1040 Case No. 2022-03936 

[*1]Allied World Insurance Company, Plaintiff-Appellant,
v
National Union Fire Insurance Company of Pittsburgh, PA, Defendant-Respondent.

Troutman Pepper Hamilton Sanders LLP, New York (Misha Tseytlin of counsel), for appellant.
Herrick, Feinstein LLP, New York (Alan Lyons of counsel), for respondent.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered on or about July 25, 2022, which granted defendant National Union Fire Insurance Company of Pittsburgh, PA's motion for summary judgment dismissing the complaint, denied plaintiff Allied World Insurance Company's cross-motion for summary judgment on its first and second causes of action, and declared that Allied is not entitled to contribution from National Union in connection with the amount it paid nonparty Sabra Dipping Company, LLC for its claim on its contaminated products policy, unanimously affirmed, without costs.
It is undisputed that Sabra, a company that produces food products, is a joint venture between nonparties Frito-Lay, Inc., and Strauss Group, with each company owning 50% of Sabra. Frito-Lay is a wholly-owned subsidiary of nonparty PepsiCo, Inc.
In November 2016, after discovery of listeria on its manufacturing equipment, Sabra issued a voluntary recall of certain products; it then submitted claims to its insurers, including plaintiff Allied World, the issuer of a $5 million policy in excess of a primary $5 million policy. For the relevant coverage period, National Union had issued PepsiCo a contaminated products plus insurance policy, which provided in the declarations that PepsiCo was the "named insured" and provided in an endorsement that the named insured included "subsidiaries and joint ventures in which [PepsiCo] ha[d] a 50% or greater ownership." After exhausting its policy limits, Allied commenced this action, seeking a declaration that National Union's policy provides coverage for Sabra's losses associated with the recall.
Supreme Court properly granted National Union's motion for summary judgment dismissing the complaint on the ground that Sabra is not covered under the National Union policy. Sabra is not a subsidiary of PepsiCo and is not a joint venture of PepsiCo. Rather, Sabra is a joint venture of Frito-Lay and Strauss, and Frito-Lay is a subsidiary of PepsiCo. It is not possible for Sabra to be a subsidiary of PepsiCo when Sabra is not even a subsidiary of Frito-Lay, which is PepsiCo's subsidiary.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023